UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIVA J. RAJENDRAN,

                    Plaintiff,

        -against-

BOLD VALUABLE TECHNOLOGY
NORTH AMERICA INC., BOLD
VALUABLE TECHNOLOGY SPAIN S.L.,
and BERNAT CARRERAS PLANELLA,

                    Defendants.

Case No. 1:25-cv-09767 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

On December 12, 2025, Plaintiff filed a "Second Motion to Vacate Extension granted and related Order to Show Cause." Dkt. 23 ("Motion"). Plaintiff requests, through his Motion, that the Court (1) vacate its November 28, 2025 extension of Defendants' deadline to answer or otherwise respond to Plaintiff's complaint, Dkt. 7, and (2) order Defendants to produce certain enumerated discovery. *Id.* at 1. For the reasons that follow, Plaintiff's Motion is DENIED.

As to Plaintiff's first request, the Court has the power to grant an extension even if Plaintiff did not consent to such an extension. *See Oji v. Soc. Sec. Admin.*, No. 12-cv-7338 (KMK) (PED), 2015 WL 6741863, at *3 (S.D.N.Y. Nov. 4, 2015) ("Setting deadlines and granting or denying extension requests is within the discretion of the judge, and both Parties need not consent for an extension to be granted."); Fed. R. Civ. P. 6(b)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."). Plaintiff's arguments against the Court's exercise of its discretion here,

including arguments about service delays, are unpersuasive.[1]  The Court is, however, mindful of the minor delays in service effectuated by Defendants to date.  Accordingly, the Court reminds Defendants of their obligation to serve Plaintiff in a timely manner.  Such timely service should be facilitated by Plaintiff's recently filed consent to receive electronic service.  Dkt. 21.

As to Plaintiff's second request, Plaintiff's demand for discovery is premature.  The Court has yet to hold the parties' Rule 16 conference, which the Court adjourned to January 5, 2026, at 3:00 p.m. at Plaintiff's request.  Dkt. 15; *see also* Fed. R. Civ. P. 16.  At that conference, the Court will discuss an appropriate discovery schedule — after which point Plaintiff may pursue appropriate discovery.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 22 and 23.

Dated: December 16, 2025
       New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge

---

[1] Plaintiff also argues that "[Defendants] in effecting their removal . . . defectively removed [Plaintiff's] First Cause of Action."  Dkt. 25 at 2-3.  That is not the case.  Defendants filed Plaintiff's original complaint in its entirety.  *See generally* Dkt. 3-1.

2